IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS

| | | |
|---|---|---|
| D.S<br>c/o Erica Ann Probst<br>Kemp, Schaeffer & Rowe Co., LPA<br>88 W. Mound Street<br>Columbus, Ohio 43215 | : : : : : : | |
| Plaintiff, | : : | |
| and | : : | |
| B.S.<br>c/o Erica Ann Probst<br>Kemp, Schaeffer & Rowe Co., LPA<br>88 W. Mound Street<br>Columbus, Ohio 43215 | : : : : : : | Case No.<br>Judge<br>Magistrate Judge |
| Plaintiff, | : : | |
| And | : : | |
| A.S.<br>c/o Erica Ann Probst<br>Kemp, Schaeffer & Rowe Co., LPA<br>88 W. Mound Street<br>Columbus, Ohio 43215 | : : : : : : | |
| Plaintiff. | : : | |
| v. | : : | |
| Sequel Pomegranate Health Systems, LLC<br>765 Pierce Drive<br>Columbus, Ohio 43223 | : : : : | |
| Defendant. | : | |

<u>COMPLAINT WITH JURY DEMAND ENDORSED HEREON</u>

Now come Plaintiffs, through counsel and for their Complaint state and aver as follows:

{00193815-3}

I.      Introduction

1.      This civil rights action challenges Sequel Pomegranate Health Systems LLC's (hereafter "Pomegranate) failure to provide adequate supervision, adequate staffing and a safe environment for youth you are housed in their facility by Order of a court of competent jurisdiction, in this case the, Franklin County Court of Common Pleas Juvenile Division resulting in the assault, battery and rape of a minor D.S. The rape occurred while employees of Sequel Pomegranate who were to be monitoring the offenders who committed the assault, battery and rape were using private cellular phones or interacting on social media. D.S. was forcibly held down by three different males and viciously assaulted, battered and raped. Pomegranate as an agent and subcontractor of the Franklin County Children's Services has a special relationship with these children who for all intents and purposes have been deprived of their liberty interest by virtue of their custodial incarceration at Pomegranate. The Columbus Police Department has received more than 248 emergency calls from Pomegranate since March 22, 2017 for an average of 4.75 calls per week. The horrific and violent acts committed against D.S. were easily preventable. The victim and his parents now bring this action for violation of D.S.'s substantive due process rights when they deprived him of his liberty and placed him in a dangerous life-threatening environment which lead to sexual assault and rape resulting in severe and permanent injury.

II.      Jurisdiction

2.      Jurisdiction over the claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 USC §§1331, 1343 (3) and (4). The causes of action set forth herein arise under the Constitution, the laws or the treaties of the United States. Supplemental jurisdiction over the state law claims is invoked pursuant to 28 USC §1367.

{00193815-3}

3. Venue is proper pursuant 28 U.S.C. §1391 since the Defendant County and City's principal place of business is within this Court's district and the acts complained of occurred within this district.

III. Parties

4. The Plaintiff D.S. is a resident of the state of Ohio, county of Franklin, within the Southern District of Ohio Eastern Division. He was a minor at the time of the events which occurred herein. He is the victim in this lawsuit against whom the heinous actions at Pomegranate were committed. He is identified in this complaint only by his initials to protect him from any public embarrassment related to the incidents which occurred at Pomegranate.

5. The Plaintiff B.S. is a resident of the state of Florida and the father of the minor victim. He is identified in this complaint only by his initials to protect him from any public embarrassment related to the incidents which occurred at Pomegranate.

6. The Plaintiff A.S. is a resident of the state of Ohio and the mother of the minor victim. She is identified in this complaint only by her initials to protect her from any public embarrassment related to the incidents which occurred at Pomegranate.

7. Sequel Pomegranate Health Systems, LLC is an Ohio Limited Liability Company. It has a contract with Franklin County Children's Services for the provision of housing and/or detention facilities for the purpose of housing and custodial incarceration of juveniles who have been ordered into the custody of the Franklin County Children's Services for certain violent, aggressive or illegal activities. By virtue of its Agreement with Franklin County Children's Services, Sequel Pomegranate Health Systems, LLC is responsible for the provision of safe habitable housing for the juvenile offenders in its custody and participates in state action and/or is an agent / action of the state of Ohio, county of Franklin.

{00193815-3}

IV.     Factual Allegations

8. Plaintiffs incorporate all of their allegations set forth above as if fully rewritten herein.

9. In, 2017, at the time of the incidents described herein, Plaintiff D.S. a male under the age of 18, had been diagnosed with Diabetes Type 1, Severe Narcissism, Avoidant Personality Disorder (Seclusion) and ADHD.

10. In November 2017, D.S. was ordered into the custody of Franklin County Children's Services ("FCCS") by the Court of Common Pleas, Franklin County, Juvenile Division following his transmission of a photo of himself to an adult female that was allegedly a violation of the law.

11. B.S. was informed that FCCS could not house D.S. because of his Diabetes Type 1 condition. B.S. was informed by S Brown, an employee of FCCS and caseworker for D.S., that "Pomegranate is the only facility that will take him because of his Diabetes". Further, S. Brown informed B.S. that "Pomegranate is not our first choice".

12. D.S. was placed in the custody of Pomegranate pursuant to the Order of the Franklin County Court and as a result of FCCS's agreement with Pomegranate for the custodial incarceration and care of juvenile offenders.

13. Unbeknownst to D.S, B.S. or A.S., in the year prior to D.S. being ordered to custodial incarceration at Pomegranate, more than 248 emergency calls had been made to the 911 dispatcher for Franklin County and/or the City of Columbus originating from Pomegranate resulting from multiple violent incidents, life threatening emergencies and/or for emergency medical requests. Attached as Exhibit A are copies of the public records received regarding calls made to the City of Columbus Police Department.

14. In addition to the foregoing, Pomegranate is understaffed and doesn't maintain the required number of employees for any position necessary to maintain safe, healthy and/or sanitary conditions

{00193815-3}

for the juvenile offenders incarcerated there. (See Attached Exhibit B Published Customer Complaints) To be sure, on the evening of December 2, 2017, there was only one (1) Pomegranate staff present to monitor the juvenile offenders where D.S. was housed. At the time of the multiple sexual attacks on D.S., which were captured on video and will be described in detail below, the one Pomegranate staff member working that evening was occupied by a personal call or some other text on his cell phone at the time of the multiple sexual attacks on D.S.

15. On the evening of December 2, 2017, just a few days after being placed at Pomegranate, D.S. was, D.S. was preparing for bed. There was no supervision in his unit at the time he prepared for bed. Other juvenile offenders whose ages ranged from 12-17 were simply running around the unit as D.S. tried to prepare for bed. There were more than 15 juveniles unsupervised in his unit behind a closed door.

16. As D.S. lay in his bed, three juvenile offenders came to his bed and held him down. One of the three juvenile offenders removed his genitalia from his pants and began to rub it all over D.S. D.S. was restrained from moving by the remaining two juvenile offenders. With his genitalia exposed from rubbing all over D.S., the third juvenile offender pulled down D.S. underwear and began to thrust his hand and fingers into his rectum, tearing his rectum and raping him. During this time, all three juvenile offenders were laughing as if their terror were funny. Furthermore, the staff member charged with the duty of monitoring the activities occurring in this unit was busy tending to personal matters on his cell phone.

17. After D.S. sexual assault by the third juvenile offender was complete, he relieved the second offender and began holding D.S. down so the second juvenile offender could repeat the process. This continued multiple times until all three offenders and sexually assaulted and raped D.S.

18. At the time D.S. was placed in the unit at Pomegranate, Pomegranate was aware that the three offenders who attacked D.S. had were sexual offenders with a proclivity to violence.

18. At the time D.S. was placed in the unit by Pomegranate, Pomegranate was aware that D.S. was not categorized as a violent sexual offender.

19. Although the incident sexual assault and rape was filmed, Pomegranate did not immediately report the incident. Pomegranate did not inform B.S. or A.S. of the incident at the time it occurred. Pomegranate failed to notify the police until Monday, December 4, 2017 of the "incident" on Saturday night.

20. It was not until Tuesday December 5, 2017, when Pomegranate contacted B.S. that he was informed there was an "incident" on Saturday night.

21. At some point following the rapes and sexual assaults, D.S. was sent to Children's Hospital for examination and treatment for his injuries.

22. At some point, but not immediately, following the rapes and sexual assaults, D.S. was removed from the unit with the other violent offenders.

23. Following the rapes and sexual assault, B.S. reported the incident to FCCS. FCCS performed an investigation and found that charges of abused and neglect against Pomegranate were sustained/ substantiated.

24. FCCS continues to send children under its care to Pomegranate.

25. Pomegranate prior to D.S. placement at Pomegranate and to this date, Pomegranate does not have sufficient staff to monitor the juvenile offenders incarcerated there. Further, Pomegranate does not train its staff regarding the supervision of the offenders or the use of their personal cell phones. Further, Pomegranate does not have a process in place by which it can determine violent offenders and separate them from the non-violent offenders. Finally, Pomegranate is an unsafe environment for

all juveniles being housed there and any juvenile who is incarcerated there is at risk of assault, rape and/or death.

26. Following the incident, D.S. mental status has been in severe decline. He has been diagnosed with BIPOLAR DISORDER and he continues to decompensate. His behaviors have resulted in a three (3) day psychiatric hold as well and prescriptions for 20 mg of anti-depressants twice a day. D.S. no longer interacts in any meaningful way with B.S. or A.S. His seclusion and avoidance behavior has escalated, and he doesn't even interact with kids his own age.

FIRST CAUSE OF ACTION – DEPRIVATION OF SUBSTANTIVE DUE PROCESS (42 USC §1983)

27. Plaintiffs incorporate their allegations set forth in paragraphs 1 through 26 as if fully rewritten herein.

28. Pomegranate provides services as an agent / subcontractor for Franklin County Children's Services including provision of housing for incarcerated juvenile offenders.

29. This claim is brought against Defendant Pomegranate pursuant to 42 U.S.C. 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and safety of D.S, resulting in his unabated sexual assault and rape and the deprivation of their rights to substantive due process.

30. At all times relevant, D.S. was in the care custody and control of Pomegranate.

31. Pomegranate knew that it was understaffed and did not have the means to protect D.S. or its other juvenile offenders.

32. Pomegranate knew by of the dangerous conditions present at its facility because there were an average of 4.75 phone calls made each week to the 911 dispatcher.

{00193815-3}

33. Pomegranate put D.S. in a position where he would be subject to serious physical harm and potentially death.

33. Despite knowledge of the safety risks posed for the juvenile offenders housed in its facility, Pomegranate was deliberately indifferent to and/or acted with callous/reckless disregard for D.S. safety needs in failing and/or refusing to provide the necessary staffing, safety protocols or protection.

34. The Defendant's knew, or should have known, that the conditions present at Pomegranate would lead to serious physical harm or death of one of its offenders.

35. As a direct and proximate result of the conduct of Pomegranate in denying necessary safety D.S. was a victim of sexual assault and rape.

36. As a direct and proximate result of the conduct Pomegranate in failing to protect D.S. and provide a safe environment Pomegranate violated D.S.'s substantive due process rights and D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits.

<u>SECOND CAUSE OF ACTION - VIOLATION OF 14TH AMENDMENT (DELIBERATE INDIFFERENCE TO SAFETY OF INMATES / JUVENILE OFFENDERS IN CUSTODY IN VIOLATION OF 14TH AMENDMENT)</u>

37. Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 above as if fully rewritten herein.

{00193815-3}

38. This claim is brought against Defendant Pomegranate pursuant to 42 U.S.C. 1983 and the Fourteenth Amendment for deliberate indifference to and callous and/or reckless disregard for the rights and safety of D.S, resulting in his unabated sexual assault and rape.

39. At all times relevant, D.S. was in the care custody and control of Pomegranate.

40. Pomegranate knew that it was understaffed and did not have the means to protect D.S. or its other juvenile offenders.

41. Pomegranate knew by of the dangerous conditions present at its facility because there were an average of 4.75 phone calls made each week to the 911 dispatcher.

42. Pomegranate put D.S. in a position where he would be subject to serious physical harm and potentially death.

43. Despite knowledge of the safety risks posed for the juvenile offenders housed in its facility, Pomegranate was deliberately indifferent to and/or acted with callous/reckless disregard for D.S. safety needs in failing and/or refusing to provide the necessary staffing, safety protocols or protection.

44. The Defendant's knew, or should have known, that the conditions present at Pomegranate would lead to serious physical harm or death of one of its offenders.

45. As a direct and proximate result of the conduct of Pomegranate in denying necessary safety D.S. was a victim of sexual assault and rape.

46. As a direct and proximate result of the conduct Pomegranate in failing to protect D.S. and provide a safe environment Pomegranate violated D.S.'s substantive due process rights and D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of

society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits.

## THIRD CLAIM – VIOLATION OF THE 8TH AMENDMENT (42 USC §1983) (DELIBERATE INDIFFERENCE / FAILURE TO PROVIDE SAFE AND/OR HUMANE CONDITIONS FOR INMATES / JUVENILE OFFENDERS IN CUSTODY)

47. Plaintiffs hereby incorporate their allegations set forth in paragraphs 1 through 46 above as if fully rewritten herein.

48. This claim is brought against Defendant Pomegranate pursuant to 42 U.S.C. 1983 and the 8th Amendment for deliberate indifference to and callous and/or reckless disregard for the rights and safety of D.S, resulting in his unabated sexual assault and rape and the deprivation of their rights to substantive due process.

49. At all times relevant, D.S. was in the care custody and control of Pomegranate.

50. Pomegranate knew that it was understaffed and did not have the means to protect D.S. or its other juvenile offenders.

51. Pomegranate did not have proper procedures in place to train its limited staff and/or to determine which offenders should be housed in which areas. Upon information and belief, Pomegranate had no procedures in place.

52. Pomegranate knew by of the dangerous conditions present at its facility because there were an average of 4.75 phone calls made each week to the 911 dispatcher.

53. Pomegranate put D.S. in a position where he would be subject to serious physical harm and potentially death.

{00193815-3}

54. Despite knowledge of the safety risks posed for the juvenile offenders housed in its facility, Pomegranate was deliberately indifferent to and/or acted with callous/reckless disregard for D.S. safety needs in failing and/or refusing to provide the necessary staffing, safety protocols or protection.

55. The Defendant's knew, or should have known, that the conditions present at Pomegranate would lead to serious physical harm or death of one of its offenders.

56. As a direct and proximate result of the conduct of Pomegranate in denying necessary safety D.S. was a victim of sexual assault and rape.

57. As a direct and proximate result of the conduct Pomegranate in failing to protect D.S. and provide a safe environment Pomegranate violated D.S.'s substantive due process rights and his rights to safe and human conditions while in custody, D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits.

FOURTH CLAIM – NEGLIGENT SUPERVISION

58. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 57 above as if fully re-written herein.

59. Pomegranate employed the individuals who failed to protect Plaintiffs' rights.

60. Pomegranates employees were not competent to handle the juveniles in custody.

61. Pomegranate was aware of the employees' incompetence because it failed to provide any training and it was understaffed.

62. Pomegranate and Pomegranate's employees failed to provide a safe custodial

environment for D.S.

63. Pomegranate and its employees failed to do their job and were playing and/or texting on their cellular phones at the time of the assault and rape.

64. Pomegranate knew all of this and did nothing to protect D.S.

65. As a direct and proximate result of the conduct Pomegranate's negligent supervision of its employees, D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits.

FIFTH CLAIM – BATTERY (RESPONDEAT SUPERIOR)

66. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 65 above as if fully rewritten herein.

67. Pomegranate employed and /or provided custodial care to the individuals who committed the battery, rape and assault against D.S. These individuals are agents of Pomegranate.

68. Pomegranate as the employer and/or custodian of these individual is liable for their conduct by virtue of the doctrine of *Respondeat Superior*.

69. Pomegranate's agents did intend to cause harmful or offensive contact to D.S.

70. Pomegranate's agents did cause harmful and offensive contact to D.S.

72. As a direct and proximate result of the conduct Pomegranate's battery, D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of

enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits

SIXTH CLAIM – ASSAULT (RESPONDEAT SUPERIOR)

72. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 71 above as if fully rewritten herein.

73. Pomegranate employed and /or provided custodial care to the individuals who committed the battery, rape and assault against D.S. These individuals are agents of Pomegranate.

74. Pomegranate as the employer and/or custodian of these individual is liable for their conduct by virtue of the doctrine of *Respondeat Superior*.

75. Pomegranate's agents did willfully threaten or attempt to harm or cause harm or touch D.S. offensively.

76. D.S. was reasonably placed in fear that he would be touched or harmed as a result of the conduct of Pomegranate's agents.

77. As a direct and proximate result of the conduct Pomegranate's assault, D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits

SEVENTH CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 77 above as if fully rewritten herein.

79. D.S. and his parents A.S. and B.S. were in the zone of danger associated with the tortious conduct described in detail above.

80. Pomegranate was aware that D.S., A.S. and B.S. were in the zone of danger and did nothing to prevent it.

81. Pomegranate, intentionally and with malicious and /or reckless disregard, did cause Plaintiffs severe emotional distress.

82. As a result of Pomegranate's actions and/or inactions, D.S., A.S. and B.S. have suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits

EIGHTH CLAIM – LOSS OF SERVICES AND/OR CONSORTIUM

83. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 82 above as if fully rewritten herein.

84. Because of the tortious and malicious conduct enacted upon D. S. by Pomegranate, D.S. has been unable to communicate or interact with parents, A.S or B.S.

85. A.S. and B.S. have lost the service of their son's companionship and/or consortium.

86. As a result of Pomegranate's actions A.S. and B.S. have suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits

NINTH CLAIM – NEGLIGENCE

87. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 86 above as if fully rewritten herein.

88. Defendant had a duty to protect Plaintiff D.S. from harm.

89. Defendant breached its duty to Plaintiff D.S.

91. Defendant was the proximate cause of injury to Plaintiff D.S.

91. As a result of Defendant's negligence, Plaintiff D.S. has suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss, including medical expenses and lost earnings/income and/or benefits

**WHEREFORE,** Plaintiffs D.S., et al., demand judgment against Defendant in amount to be proven at trial for compensatory damages, punitive damages, loss of services / consortium, plus interest, costs, attorney fees and all further relief to which Plaintiffs are entitled.

    Respectfully submitted,

    KEMP, SCHAEFFER & ROWE
    CO., LPA

    BY:  /s/ Erica Ann Probst
    Erica Ann Probst (0073486)
    Lauren Kemp (0093436)
    88 West Mound Street
    Columbus, Ohio 43215
    Telephone:   (614) 224-2678
    Facsimile:   (614) 469-7170
    Erica@ksrlegal.com
    Lauren@ksrlegal.com

## JURY DEMAND

Plaintiffs D.S., et al., hereby respectfully request this Complaint be heard by a jury.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE
CO., LPA

BY: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
Lauren Kemp (0093436)
88 West Mound Street
Columbus, Ohio 43215
Telephone:    (614) 224-2678
Facsimile:    (614) 469-7170
Erica@ksrlegal.com
Lauren@ksrlegal.com

{00193815-3}