IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| D.S., et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:18-cv-00416-ALM-KAJ |
| Sequel Pomegranate Health Systems, LLC | ) | Judge Marbley |
| Defendant. | ) | Magistrate Jolson |

ANSWER OF DEFENDANT
SEQUEL POMEGRANATE HEALTH SYSTEMS, LLC
(JURY DEMAND ENDORSED HEREON)

Defendant Sequel Pomegranate Health Systems, LLC ("PHS"), for its Answer to the Complaint, hereby sets forth the following:

FIRST DEFENSE: For its First Defense, PHS responds to the numbered paragraphs of the Complaint as follows:

1. In response to Paragraph 1 of the Complaint, PHS incorporates, as if fully set forth herein, its responses to the remaining paragraphs of the Complaint. The allegations set forth in this Paragraph are duplicative with regard to the remaining Paragraphs of the Complaint. Otherwise, PHS denies the allegations set forth in this Paragraph.

2. The statutory provisions set forth in Paragraphs 2-3 of the Complaint speak for themselves. Otherwise, PHS denies that any valid claims against it exist.

3. PHS denies for want of knowledge the allegations set forth in Paragraphs 4-6 of the Complaint.

4. In response to Paragraph 7 of the Complaint, PHS admits that it is an Ohio limited liability company. PHS further admits that a contract between PHS and the Franklin

County Children Services Board ("FCCS") exists. PHS further admits that it is a licensed residential treatment facility for youth with mental health diagnoses. Otherwise, PHS denies the allegations set forth in this Paragraph.

5. In response to Paragraph 8 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

6. In response to Paragraph 9 of the Complaint, PHS admits that D.S.'s admitting diagnoses at PHS was adjustment disorder with disturbance of mood and conduct as well as diabetes mellitus type 1. PHS further admits that D.S. was discharged from PHS with a diagnosis of oppositional defiance disorder. Otherwise, PHS denies the allegations set forth in this Paragraph.

7. PHS denies for want of knowledge the allegations set forth in Paragraphs 10-11 of the Complaint.

8. PHS denies the allegations set forth in Paragraph 12 of the Complaint.

9. In response to Paragraph 13 of the Complaint, PHS denies that D.S. was under custodial incarceration during the time of his admission at PHS. PHS denies for want of knowledge what D.S., B.S., or A.S. knew at the time of D.S.'s admission to PHS. PHS denies for want of knowledge whether the documents included in Exhibit A to the Complaint are true and accurate copies of public records received or obtained by Plaintiffs. Otherwise, PHS denies the allegations set forth in this Paragraph.

10. PHS denies the allegations set forth in Paragraph 14 of the Complaint.

11. In response to Paragraph 15 of the Complaint, PHS admits that D.S. was admitted to PHS on or about November 2, 2017 and that D.S. was discharged from PHS on or about December 7, 2017. Otherwise, PHS denies the allegations set forth in this Paragraph.

12. PHS denies for want of knowledge the allegations set forth in Paragraphs 16-17 of the Complaint.

13. The Complaint includes two Paragraph 18's. PHS denies the allegations set forth in these Paragraphs. Further responding, PHS does not offer programs for the treatment of sexual offenders.

14. In response to Paragraph 19 of the Complaint, PHS denies that the alleged incident of sexual assault and rape was filmed. PHS admits that it did not notify the police of the alleged incident of sexual assault and rape until on or about December 4, 2017. PHS admits that it did not inform B.S. or A.S. of the alleged incident of sexual assault and rape "immediately".

15. In response to Paragraph 20 of the Complaint, PHS admits that it notified B.S. of the alleged incident of sexual assault and rape on or about December 5, 2017.

16. In response to Paragraph 21 of the Complaint, PHS admits that its staff transported D.S. to Nationwide Children's Hospital for examination following the alleged incident of sexual assault and rape.

17. In response to Paragraph 22 of the Complaint, PHS admits that it removed D.S. from the unit to which he was admitted at the time of the alleged incident of sexual assault and rape.

18. In response to Paragraph 23 of the Complaint, PHS admits that it reported the alleged incident of sexual assault and rape to FCCS. PHS further admits that FCCS issued a substantiated finding with regard to a claim of neglect.

19. PHS admits the allegations set forth in Paragraph 24 of the Complaint.

20. PHS denies the allegations set forth in Paragraphs 25-26 of the Complaint.

21. In response to Paragraph 27 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

22. In response to Paragraph 28 of the Complaint, PHS admits that it provides services pursuant to its contract with FCCS. Otherwise, PHS denies the allegations set forth in this Paragraph.

23. In response to Paragraph 29 of the Complaint, PHS denies that it was a state actor and further denies that it acted with deliberate indifference to, or with callous and/or reckless disregard of, the rights of D.S.

24. In response to Paragraph 30 of the Complaint, PHS admits that D.S. was admitted for shelter care at PHS so that PHS could assess and observe D.S. and make a recommendation as to what mental health treatment would be best for D.S.

25. PHS denies the allegations set forth in Paragraphs 31-36 of the Complaint. Further responding, the Complaint includes two Paragraph 33's.

26. In response to Paragraph 37 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

27. In response to Paragraph 38 of the Complaint, PHS denies that it was a state actor and further denies that it acted with deliberate indifference to, or with callous and/or reckless disregard of, the rights of D.S.

28. In response to Paragraph 39 of the Complaint, PHS admits that D.S. was admitted for shelter care at PHS so that PHS could assess and observe D.S. and make a recommendation as to what mental health treatment would be best for D.S.

29. PHS denies the allegations set forth in Paragraphs 40-46 of the Complaint.

30. In response to Paragraph 47 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

31. In response to Paragraph 48 of the Complaint, PHS denies that it was a state actor and further denies that it acted with deliberate indifference to, or with callous and/or reckless disregard, of the rights of D.S.

32. In response to Paragraph 49 of the Complaint, PHS admits that D.S. was admitted for shelter care at PHS so that PHS could assess and observe D.S. and make a recommendation as to what mental health treatment would be best for D.S.

33. PHS denies the allegations set forth in Paragraphs 50-57 of the Complaint.

34. In response to Paragraph 58 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

35. In response to Paragraph 59 of the Complaint, PHS admits that it employs staff at PHS. Otherwise, PHS denies the allegations set forth in this Paragraph.

36. PHS denies the allegations set forth in Paragraphs 60-65 of the Complaint.

37. In response to Paragraph 66 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

38. In response to Paragraph 67 of the Complaint, PHS admits that it employed staff and admits that it is a licensed residential treatment facility for youth with mental health diagnoses Otherwise, PHS denies the allegations set forth in this Paragraph.

39. PHS denies the allegations set forth in Paragraphs 68-70 of the Complaint. Further responding, the Complaint does not contain a Paragraph 71.

40. The Complaint contains two Paragraph 72's. PHS denies the allegations set forth in the first Paragraph 72 of the Complaint.

41. In response to the second Paragraph 72 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

42. In response to Paragraph 73 of the Complaint, PHS admits that it employed staff and admits that it is a licensed residential treatment facility for youth with mental health diagnoses. Otherwise, PHS denies the allegations set forth in this Paragraph.

43. PHS denies the allegations set forth in Paragraphs 74-77 of the Complaint.

44. In response to Paragraph 78 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

45. PHS denies the allegations set forth in Paragraphs 79-82 of the Complaint.

46. In response to Paragraph 83 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

47. PHS denies the allegations set forth in Paragraphs 84-86 of the Complaint.

48. In response to Paragraph 87 of the Complaint, PHS incorporates by reference each and every Paragraph of its Answer, including its defenses, as if fully set forth herein.

49. In response to Paragraphs 88-89 of the Complaint, PHS denies the breach of any duty and, further, denies that any act or failure to act on the part of PHS was the proximate cause of any injury or damage to Plaintiffs. Further responding, the Complaint does not contain a Paragraph 90.

50. The Complaint contains two Paragraph 91's. PHS denies the allegations set forth in both Paragraph 91's of the Complaint.

51. PHS denies any allegation of the Complaint not specifically admitted above.

SECOND DEFENSE: For its Second Defense, PHS sets forth the following defenses:

1. Plaintiffs' Complaint may be barred because this court lacks subject matter or personal jurisdiction.

2. Plaintiffs' Complaint may be barred because venue is inappropriate.

3. Plaintiffs' Complaint fails to state a claim against PHS upon which relief could be granted.

4. One or more indispensable parties have not been properly joined pursuant to Fed. R. Civ. P. 19 or Fed. R. Civ. P. 20.

5. Plaintiffs' claims are barred by the doctrines of latches, estoppel, or unclean hands.

6. Plaintiffs unreasonably failed to mitigate the alleged damages.

7. The damages prayed for by Plaintiffs are inappropriate.

8. Plaintiffs' alleged damages—if any—are subject to the statutory limits set forth in O.R.C. 2315.18 and O.R.C. 2315.21.

9. Plaintiffs failed to plead with the specificity required by Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9.

10. Plaintiffs' claims and alleged damages—if any—are barred, or are proportionally reduced, by the doctrines of contributory or comparative negligence.

11. Plaintiffs' claims and alleged damages—if any—were caused solely by Plaintiffs' negligence or were caused solely by Plaintiffs' own acts or failures to act.

12. PHS breached no duty to Plaintiffs.

13. Plaintiffs' claims and alleged damages—if any—are barred, or are proportionally reduced, by the doctrines of express, implied, or primary assumption of risk.

14. Plaintiffs' damages—if any—were the result of one or more intervening or superseding causes.

15. Plaintiffs' alleged damages—if any—were caused by the acts or omissions of others over which PHS had no control and PHS is entitled to an apportionment of liability pursuant to O.R.C. 2307.22 and O.R.C. 2307.23.

16. PHS may be entitled to a set-off pursuant to O.R.C. 2307.28, or otherwise.

17. The actions of PHS were privileged.

18. PHS may be entitled to immunity with respect to Plaintiffs' claims against PHS. Such immunity may be qualified and/or absolute.

19. PHS acted at all times in accordance with the applicable laws, rules, and regulations and, otherwise, acted in good faith.

20. Plaintiffs' claims for punitive and/or exemplary damages and attorney's fees are barred by the Constitution and laws of the United States and/or the Constitution and laws of the State of Ohio.

21. PHS was not acting under color of state law with respect to the allegations of the Complaint.

22. PHS reserves the right to amend its Answer to include additional defenses, affirmative or otherwise, as discovery in this case progresses.

WHEREFORE, PHS requests that Plaintiffs' Complaint be dismissed, with prejudice, that it be awarded its costs and expenses including—but not limited to—attorney's fees and costs, and for any other relief to which PHS may be entitled, at law or in equity, as this Court deems just and appropriate.

JURY DEMAND

PHS demands a jury for any issue(s) so triable.

Respectfully submitted,

*/s/ Matthew L. Schrader*

Matthew L. Schrader (0074230) (Trial Attorney)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, OH 43215
(614) 232-2631 (Direct Dial)
(614) 232-2410 (Facsimile)
mschrader@reminger.com

*Counsel for Defendant*
*Sequel Pomegranate Health Systems, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed using the Court's CM/ECF system on the 27th day of June 2018 and that notification of such filing will be made by the CM/ECF system on all counsel of record.

*/s/ Matthew L. Schrader*

Matthew L. Schrader (0074230) (Trial Attorney)